IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PETER JAMES SMITH,                        )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )        CASE NO. 2:19-cv-213-ECM-GMB
                                          )
REGIONS BANK, INC., *et al.,*             )
                                          )
        Defendants.                       )

## REPORT AND RECOMMENDATION

Before the court is the *pro se* complaint of Plaintiff Peter James Smith ("Smith").

Doc. 1. The case was referred to the undersigned United States Magistrate Judge for

consideration and disposition or recommendation pursuant to 28 U.S.C. § 636. Doc. 5.

Because Smith also filed a motion to proceed *in forma pauperis* (Doc. 2), the court must

review his complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2). This statute

instructs the court to dismiss any action in which it is determined that an *in forma pauperis*

applicant's lawsuit is "frivolous or malicious," "fails to state a claim on which relief may

be granted," or "seeks monetary relief against a defendant who is immune from such

relief." 28 U.S.C. § 1915(e)(2)(B)(i)−(iii). After a careful review of the complaint and the

applicable law, and giving due consideration to Smith's *pro se* status, the undersigned

recommends that this case be dismissed.

## I. FACTS AND PROCEDURAL HISTORY

Smith, appearing *pro se*, filed a complaint against Regions Bank, Inc. and Regions

Bank. Finding the complaint to be a shotgun pleading, this court ordered Smith to file an

amended complaint on or before April 16, 2019 which complies with Rules 8 and 10 of the

Federal Rules of Civil Procedure and which contains clear allegations of facts showing that Smith is entitled to relief under federal law. Doc. 6.  Smith was cautioned that failure to submit an amended complaint may result in recommendation of dismissal of this case. Doc. 6 at 4.  Smith has not filed an amended complaint as of the date of this Recommendation. Smith instead has filed five motions for extension of time. Doc. 7, 9, 11, 16 & 18.  The court has granted three of these motions. Doc. 8, 10 & 13.  Although he bases some of his extension requests on the fact that he has not conferred with an attorney affiliated with the court's *Pro Se* Assistance Program, the court specifically instructed Smith that no *pro se* assistance has been ordered. Docs. 10 & 13.  The court has given Smith multiple extensions of time and has cautioned him that a failure to comply with the court's orders may result in a recommendation of dismissal. Doc. 8, 10, 13 & 17.

## II. STANDARDS OF REVIEW

The same standards governing dismissal under Federal Rule of Civil Procedure 12(b)(6) also govern the review of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).  In evaluating the sufficiency of a complaint, the court must consider reasonable inferences in the plaintiff's favor but is "not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).  Similarly, "unwarranted deductions of fact" are not admitted as true for the purpose of testing the sufficiency of a plaintiff's allegations. *Id.*

Rule 41(b) of the Federal Rules of Civil Procedure provides for dismissal if a plaintiff fails to comply with a court order.  Pursuant to that rule, a court may dismiss the

action *sua sponte*. *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006).

### III.  DISCUSSION

Although he was ordered to do so, Smith has not filed an amended complaint within any of the timeframes allowed by the court after granting Smith's requests for more time. The reason given for Smith's requests, including the most recent request for a 120-day extension of time, is that the *Pro Se* Assistance Program has not contacted him. Doc. 18. The court, however, previously explained to Smith that such assistance has not been ordered. Doc. 10 & 13.  Smith has been repeatedly cautioned that his failure to submit an amended complaint in compliance with the court's orders may result in a recommendation of the dismissal of this case. Doc. 6, 10, 13 & 17.  As noted above, Rule 41 of the Federal Rules of Civil Procedure provides that if a plaintiff fails to comply with a court order, the court can dismiss the action on its own motion. *See Brown*, 205 F. App'x at 802.  The district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (citation omitted).  Dismissal with prejudice pursuant to Rule 41 is appropriate only "where there is a clear record of willful contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Comms.*, 178 F.3d 1373, 1374 (11th Cir. 2006) (internal quotation marks omitted).  In this case, while dismissal with prejudice is a serious sanction, given Smith's failure to comply with the court's orders to file an amended complaint which complies with Rules 8 and 10 of the Federal Rules of Civil Procedure, the court concludes that Smith's failure to comply was willful, particularly given that he was forewarned that his claims could be dismissed if he did not comply with

the orders, and that lesser sanctions would not suffice because this litigation cannot advance without a pleading that states a claim for relief. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal under Rule 41(b) "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

Alternatively, the court has considered the allegations of the complaint under Rule 12 pursuant to § 1915(e)(2)(B)(ii). While Smith has referenced the Civil Rights Act of 1964, that act applies to employment relationships, and there is no allegation in the complaint that Smith was employed by Regions Bank. Smith also has mentioned violations of other laws by the security guard in Regions Bank but, although directed to do so, has not alleged facts to show that the security guard is a state actor. The court concludes, therefore, that pursuant to Rule 12(b)(6), Smith has failed to state a claim for relief after having been given multiple opportunities to replead his claims and that his claims are due to be dismissed on that alternative basis.

The court is of course mindful of Smith's *pro se* status. While *pro se* pleadings are held to a lesser standard than those prepared by attorneys and "are thus construed liberally," *see Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), *pro se* litigants still must comply with the Federal Rules of Civil Procedure. *Giles v. Wal-Mart Distrib. Ctr.,* 359 F. App'x 91, 93 (11th Cir. 2009) (finding no abuse of discretion in dismissal where "despite guidance from the district court on how to cure the deficiencies in his complaint and a clear warning that noncompliance would be cause for dismissal, Giles did not comply with the district court's order to file an amended complaint in conformity with the requirements of Rules 8 and 10").

## IV.  CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1.      The Motion to Proceed in forma pauperis (Doc. 2) be GRANTED; but

2.      That the action be DISMISSED without service of process.

It is further ORDERED that the Plaintiff is DIRECTED to file any objections to this Recommendation on or before **June 26, 2019.**  Any objections filed must identify the specific findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the district court.  This Recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's factual findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the report and recommendation, and also waives the right of the party to challenge on appeal the District Court's order based on findings and conclusions that the parties have not objected to, in the absence of plain error or manifest injustice. *See Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Hamilton v. Sheridan Healthcorp, Inc.*, 700 F. App'x 883, 887 (11th Cir. 2017).

DONE this 12th day of June, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE